**FITTON, Exr, etc., Appellee, v. BEELER, et al., Appellants.**

Ohio Appeals, First District, Butler County.

No. 851.   Decided May 3, 1943.

Messrs. Williams, Fitton & Pierce, Hamilton, for appellee.
Messrs. Sohngen, Parrish & Beeler, Hamilton, and Henry B. Street, Cincinnati, for appellants.

## OPINION

By ROSS, P. J.

This is an appeal on questions of law from the Probate Court of Butler County, Ohio.

The question presented to the Court involves the construction of Item VIII of the will of Eugene H. Hughes.

"ITEM VIII. All the remainder of my estate, including any of the foregoing legacies that may for any reason lapse, and also whatever further amounts I may henceforth be able to add to my present estate, I give, devise and bequeath to The First National Bank and Trust Company, of Hamilton, Ohio, in trust, for the ultimate purpose of founding and establishing in the vicinity of Hamilton, Ohio, a hospital for contagious and infectious diseases, that shall be adequate for the future

needs of my native Butler County, Ohio, shall be open to all citizens of the county on equal terms; and that shall be known as The Eugene H. Hughes Memorial Hospital for Contagious Diseases.

"If, prior to my death, either Butler County, Ohio, or the City of Hamilton, Ohio, shall have built and equipped an adequate General Hospital that is not sectarian or denominational, I hereby authorize, empower and direct the Board of Trustees thereof, to procure a suitable site for said Memorial Hospital (which I suggest be on the farm of The Butler County Infirmary), and cause to be erected thereon such necessary and suitable building or buildings as may be had by using the whole of said trust fund. I instruct my said Trustee to honor and pay all proper vouchers issued by said Board of Trustees to pay for said site and buildings, and on the completion thereof, to turn over to said Board of Trustees any small balance of said trust fund not so expended, to be used by said Board of Trustees as it sees fit. The institution so built shall be under the control and management of the Board of Trustees of said General Hopital, and shall be known as The Eugene H. Hughes Memorial Branch Hospital for Contagious Diseases.

"If, prior to my death, neither said Butler County nor The City of Hamilton, shall have built and equipped such General Hospital as hereinbefore described, I direct my said Trustee to keep said trust fund and all the income arising therefrom safely invested to the best advantage for three years after my death, in Government and municipal bonds and good first mortgage notes, so as to secure as large an income thereon as is consistent with safety of principal. To this end I hereby give the said Trustee full power and authority as he sees fit, to sell the bonds, notes and other securities I may own at my decease, or any part thereof, and to reinvest the proceeds therefrom and all income from the trust estate, as he may deem best. If during said three years, either Butler County or the city of Hamilton, shall raise the necessary funds and organize to build a General Hospital as above described, it is my wish that this trust fund shall be at once available to said Board of Trustees of said General Hospital, for the building of said The Eugene H. Hughes Memorial Branch Hospital for Contagious Diseases, in accordance with the provisions of the last preceding paragraph of this will.

"But if neither Butler County nor The City of Hamilton, within three years after my death, shall have built and equipped, or taken the necessary steps to build and equip a General Hospital as above described, I hereby designate and appoint the Presidents of the three largest banks in

Hamilton, Ohio, as a Committee to build and equip the Hospital provided for in the first paragraph of this Item VIII of my will. I hereby confer on said Committee full power and authority to secure a suitable site for said Hospital, and to contract for and erect a suitable building or buildings therefor, using the whole of said trust fund for that purpose. I direct my said Trustee to honor and pay all proper vouchers, issued by said Committee in carrying out said purpose, and suggest that the said Committee locate the said Hospital on The Butler County Infirmary farm, provided the Commissioners of Butler County, Ohio, will donate the site therefor and agree to provide the necessary funds to operate and maintain the same under the management of the said Committee, until a General Hospital as above described shall have been built by either Butler County or The City of Hamilton; when the full control and managament of said Memorial Hospital, shall be surrendered to the Board of Trustees of said General Hospital, who shall henceforth perpetually maintain the same as a branch of said General Hospital, under the name of The Eugene H. Hughes Memorial Branch Hospital for Contagious Diseases."

The Probate Court found the following facts which fairly state the substance of the evidence presented.

"* * ** but that as a matter of fact 150 beds would be ideal for servicing the future needs of Butler County (R. 12); that the cost of constructing and equipping such a hospital (costs figured as of 1938) would be approximately $3,500.00 per bed, including the cost of land (making a total cost of $525,000.00) (R. 12 and 13); that the cost of maintaining said hospital would be at the rate of $1,000.00 per bed (being at the rate of $150,000.00 per year) (R. 13); that if said hospital were established as an adjunct to an existing hospital, the cost of constructing and equipping said hospital would be $3,000.00 per bed (or a total cost of $450,000.00) (R. 13) and the maintenance cost thereof would be $750.00 per bed (or at the rate of $112,500.00 per year) (R. 13); that no one was contemplating building a general hospital at the present time in the City of Hamilton, and that the hospital facilities for said city were adequate (R. 14), or more than adequate (R. 15); * * *"

An examination of the record and briefs causes us to conclude that the Probate Court fully and fairly considered the matters before it and we adopt its conclusions and reasoning as set forth in Judge Leiser's opinion.

618

It may not be amiss, however, to add that the testator was fully aware of the size of his estate and the hospitalization needs of Butler County at the time of his death.

It is evident that the testator desired to create a lasting memorial to his memory as well as make a definite contribution to the citizens of Butler County. The Trustees could erect and maintain a hospital which would provide for the needs of the county. It would seem that they are authorized to go further than the bare necessity of the situation demands and to carry out the wishes of the testator in creating an institution which will be truly a memorial to his beneficence.

The opinion of Judge Leiser and the opinion of the late Judge Palmer both concur in extending the operation of the will of Eugene H. Hughes to cover maintenance. We find no error in this conclusion.

The judgment is affirmed.

HILDEBRANT and MATTHEWS, JJ., concur.